# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MILTON VALES )<br>　　　Petitioner, )<br>　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　)<br>　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA )<br>　　　Respondent. )<br>　　　　　　　　　　　　) | Civil Action No. 13-1082<br>Related case: Criminal Action No. 3-14<br><br>Judge Cathy Bissoon |

## MEMORANDUM AND ORDER

### I.　　MEMORANDUM

Pending before the court is a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 ("Section 2255 motion") filed by Timothy Milton Vales ("Petitioner") (Doc. 106).[1] Because the record demonstrates that Petitioner's motion is procedurally barred and that his sentence was not imposed in violation of the United States Constitution or laws of the United States, the Section 2255 motion will be denied without a hearing.[2]

**A. Background**

The parties are familiar with the background in this case; therefore, the Court will recount only the essential facts. On January 14, 2003, a federal grand jury in this district returned a two-count indictment charging Petitioner with bank fraud in violation of 18 U.S.C. § 1344. On September 29, 2003, Petitioner entered a plea of guilty, and on March 8, 2004, was sentenced by

---

[1] All citations to the docket are in criminal action number 03-cr-14, unless otherwise noted.
[2] An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545–46 (3d Cir. 2005).

the Honorable Judge Gary M. Lancaster to 27 months of imprisonment followed by a five-year term of supervised release (Doc. 37). Petitioner filed a timely appeal. Because Petitioner's direct appeal was pending at the time United States v. Booker was decided, the Court of Appeals, as was then customary, remanded Petitioner's case for re-sentencing (Doc. 47).

On July 15, 2006, Petitioner was re-sentenced to 27 months of imprisonment followed by a five-year term of supervised release (Doc. 65).[3] Petitioner again appealed his sentence, and on April 28, 2008, the Court of Appeals affirmed the judgment of sentence (Doc. 85). Petitioner was released to supervision on March 18, 2009, and on or about November 15, 2010, was arrested and later convicted on state charges, including theft and forgery (Doc. 87).

On November 2, 2012, a Supplemental Supervised Release Violation (Doc. 96) was filed asserting violations based on the aforementioned state charges and other technical violations, including failure to report to probation, failure to make restitution and failure to truthfully answer inquiries by the probation office. Petitioner motioned for, and was appointed, counsel to represent him at the supervised release hearing (Doc. 97).

Prior to the hearing, Petitioner's counsel filed a Memorandum in Mitigation of Sentence (Doc. 103) in which counsel argued that since Petitioner had been in state custody since November 15, 2010, Petitioner should be sentenced to a term "wholly and substantially concurrent to his state sentences." In essence, counsel argued that Petitioner's federal sentence for violation of supervised release should run concurrently to his state sentences for theft and forgery. The sentencing court denied the request and sentenced Petitioner to 27 months of incarceration with no supervised release to follow (Doc. 105).

---

[3] At re-sentencing, the sentencing court modified Petitioner's sentence to 27 months, to run concurrently to the state court sentences Petitioner was serving at the time.

Petitioner's *pro se* Section 2255 motion raises one primary argument. Specifically, Petitioner argues that he was denied due process of law because the sentencing court failed to consider his argument in mitigation of sentence. In briefing, Petitioner makes clear that he in "no way [is] dissatisfied with or disputes" his 27 month sentence, but instead takes issue with, as he describes, the sentencing court's "silence" with regard to his mitigation request. Petitioner argues that this silence resulted in "ambiguity" and a denial of due process. For the reasons stated herein, Petitioner's claims are procedurally defaulted, and even if not defaulted, are meritless.

### B. Procedural Default

Pursuant to Section 2255, a federal prisoner in custody may move the court that imposed the sentence to vacate, set aside or correct the sentence upon the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

It is well settled that Section 2255 petitions are not substitutes for direct appeals and serve only as a collateral attack to protect a defendant from a violation of the United States Constitution or from some statutory defect so fundamental that a complete miscarriage of justice has occurred. United States v. Frady, 456 U.S. 152 (1982). Section 2255 petitions come also with certain procedural limitations and a petitioner has procedurally defaulted all claims that he neglected to raise on direct appeal. Id. Procedural default forecloses collateral review unless the prisoner can show cause excusing the default and demonstrate actual prejudice resulting from the errors. See Bousley v. United States, 523 U.S. 614, 622 (1998) ("[W]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in

habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (internal citations omitted).

In this case, the Court finds that Petitioner's claims are procedurally defaulted, as the issues raised could have been raised on direct appeal, but were not. In addition, Petitioner has failed to demonstrate (or argue) a valid cause for the default or his actual innocence. To the contrary, in his reply, Petitioner's only response to Respondent's procedural default argument is that his "decision to not appeal does not in itself foreclose or preclude him to seek post-conviction relief through the 2255 gateway." Reply at p. 2 (Doc. 113).

The Court notes that Petitioner was familiar with the appeals process as he twice appealed his original conviction. That, coupled with the fact that Petitioner had appointed counsel during the supervised violation hearing, demonstrates that Petitioner was aware of his right to an appeal and chose not to exercise that right. Failure to do so results in procedural default.

**C. On the Merits**

In the alternative, even if Petitioner's claims are not procedurally barred, all claims are meritless. A review of the record demonstrates that the sentencing court sufficiently considered, adequately responded to, and reasonably rejected Petitioner's request for credit against his federal sentence for time served in state custody. The sentencing court's imposition of sentence was reasonable and subject to a meaningful and rational consideration of the relevant sentencing factors found at 18 U.S.C. § 3553.[4]

---

[4] At the revocation hearing, Petitioner advanced numerous arguments for mitigation including, but not limited to, time served on his state sentences, his father's death and Petitioner's then recent hospitalizations. See Tr. pp. 5-6 and 10 (Doc. 111, ex. 1). Following argument, the sentencing court noted that it had taken into account the testimony offered, as well as the arguments for mitigation, and articulated its analysis under 18 U.S.C. § 3553. Id. at p. 11. Based on the circumstances of the offense, the history and characteristic of Petitioner and the need to

Furthermore, the sentencing court was not compelled to impose Petitioner's sentence for violation of supervised release concurrently with his state sentence nor was the sentencing court compelled to give him "credit" for the time he served in state custody. To the contrary, the United States Sentencing Commission Guidelines set forth a general policy that sentences imposed for violations of supervised release should run consecutively to any sentence of imprisonment being served by a defendant. See U.S.S.G. § 7B1.3(f).

Petitioner relies on U.S.S.G. § 5G.1(b) and (c) for his mitigation argument. Such reliance is misplaced as neither provision applies to his case. When a defendant is subject to an undischarged sentence of imprisonment, the district court generally has authority to impose a term of imprisonment on the current offense to run concurrently with or consecutively to the undischarged term. 18 U.S.C. § 3584(a). Under U.S.S.G. § 5G1.3(b) and (c), a sentencing court may give credit for undischarged terms of imprisonment when, as articulated under § 5G1.3(b), "the term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction" or, as articulated under § 5G1.3(c), "in other cases involving an undischarged term of imprisonment[.]"

However, these provisions do not apply in Petitioner's case. Section 5G1.3(b) relates to sentences for convictions that occur while a defendant is on supervised release, not a supervised release violation itself. Furthermore, Sections 5G1.3(b) and 5G1.3(c) apply in cases involving an undischarged term of imprisonment. At the time of the supervised release violation hearing, Petitioner had completed his state sentences for crimes committed while on supervised release. Thus, there was no undischarged term of imprisonment to consider.

---

protect the public from further crimes, the sentencing court imposed a sentence of 27 months with no term of supervision to follow. Id. at pp. 11-13. See United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007) ("[A] sentencing court need not make findings as to each factor if the record otherwise makes it clear that the court took the factors into account.")

As Respondent argues, the applicable provision is U.S.S.G. § 7B1.3(f), which specifically addresses probation and supervised release violations. This policy statement applies to penalties only for the violation of a judicial order imposing supervision and encourages that the sanction imposed upon revocation be served <u>consecutively</u> to any other term of imprisonment imposed for any criminal conduct that was the basis of the revocation.

In sum, Petitioner's argument that the sentencing court was silent with regard to his mitigation request, and thus created "ambiguity" that resulted in a denial of due process, is baseless. As noted, the sentencing court articulated its reasoning under the relevant factors found at 18 U.S.C. § 3553. Furthermore, the sentencing court was in no way compelled to impose a sentence to run concurrently to Petitioner's state sentences or give Petitioner "credit" for the time he served in state custody. Petitioner has failed to demonstrate that his sentence was imposed in violation of the United States Constitution or laws of the United States. Accordingly, Petitioner's motion must be denied without an evidentiary hearing.

### D. Certificate of Appealability

The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) and reasonable jurists would not disagree with denial of Petitioner's Section 2255 motion.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Petitioner's § 2255 motion to vacate, set aside, or correct a sentence (Doc. 106) is **DENIED**.  Furthermore, no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) and reasonable jurists would not disagree with denial of Petitioner's § 2255 motion.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

February 10, 2014

cc:

All attorneys of record (via CM/ECF e-mail)

Timothy Milton Vales
Federal Correction Institute/Fort Dix
West Building No. 5811
P.O. Box 2000
Fort Dix, NJ 08640

(via U.S. Mail)